UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER WALLACE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:21-cv-562 ) |
| CONTINENTAL TIRE THE AMERICAS, LLC, PAUL CHOBANIAN, and JEFFREY ROCK, | ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendant Continental Tire the Americas, LLC ("Continental"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes the above-entitled case from the Circuit Court for the Second Judicial Circuit in Jefferson County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, Continental states as follows:

1. On or about May 7, 2021, Plaintiff Tyler Wallace ("Plaintiff") filed a Complaint in the Circuit Court for the Second Judicial Circuit in Jefferson County, Illinois against Continental, Paul Chobanian ("Mr. Chobanian"), and Jeffrey Rock ("Mr. Rock") (collectively, "Defendants"), captioned *Tyler Wallace v. Continental Tire the Americas, LLC, et al.*, Case No. 2021-L-18 ("Complaint"). A copy of Plaintiff's Complaint is attached as part of Exhibit A.

2. Plaintiff claims that he was wrongfully discharged by Continental for "sleeping on the job" on March 2, 2021. Plaintiff's four-count Complaint alleges: (1) retaliatory discharge for exercising his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") against Continental ("FMLA Claim"); (2) intentional infliction of emotional distress against Mr. Chobanian because of a comment Mr. Chobanian allegedly made on January 24, 2021, to the effect

of ". . . [a]t least my brother is still breathing"; (3) defamation against Mr. Rock for "falsely" reporting Plaintiff was sleeping on the job on February 25, 2021; and (4) intentional interference with prospective economic advantage against Mr. Rock for "falsely" reporting Plaintiff was sleeping on the job on February 25, 2021.

3. Specifically, as to Plaintiff's FMLA Claim, Plaintiff's Complaint alleges that Plaintiff requested leave pursuant to the FMLA after Plaintiff experienced extreme emotional distress allegedly caused by Mr. Chobanian on January 24, 2021. *See* Exhibit A, Compl. ¶¶ 9–11, 15. Plaintiff alleges that his "application for FMLA leave was approved on February 18, 2021, but Continental never notified [Plaintiff] that his leave request had been approved." *See* Exhibit A, Compl. ¶ 23. Plaintiff alleges "[i]t is unlawful under 29 U.S.C. § 2615 for an employer to discharge or in any other manner discriminate against an employee for exercising their rights under the [FMLA]." *See* Exhibit A, Compl. ¶ 37. Plaintiff further alleges that Continental used Mr. Rock's report of Plaintiff sleeping on the job "as a pretext to terminate his employment" and "[t]he actual reason for [Plaintiff's] discharge was retaliation for exercising his rights under [the FMLA] . . . . ." *See* Exhibit A, Compl. ¶¶ 35–36. Finally, Plaintiff alleges "[i]t is a violation of clearly mandated Illinois public policy to discharge an employee for exercising their rights under the [FMLA]." *See* Exhibit A, Compl. ¶ 38.

**A. The Court Has Federal Question Jurisdiction over Plaintiff's Federal Law Claim.**

4. Pursuant to 28 U.S.C. § 1331, federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. In this action, Plaintiff's FMLA Claim necessarily arises under federal law "because under Illinois law, [Plaintiff] cannot assert a state law retaliatory discharge claim based

on the rights set forth in the FMLA." *Bloch v. Alton Multispecialist, LTD*, No. 17-CV-560-SMY-RJD, 2018 WL 1517768, at *3 (S.D. Ill. Mar. 27, 2018). To state a valid retaliatory discharge claim under Illinois law, one of the essential elements that a plaintiff must allege is that his "discharge violate[d] a clear mandate of public policy." *Id*. However, the FMLA cannot serve as a public policy to satisfy this element as "the FMLA is concerned primarily with private interests." *Id*; *Smith v. MGM Resorts Int'l*, No. 16 CV 07215, 2016 WL 7049062, at *5 (N.D. Ill. Dec. 5, 2016) (dismissing a state retaliatory discharge claim based on FMLA violations because the FMLA protects private interests and does not implicate public policy concerns); *Sullivan v. Progressive Cas. Ins. Co.*, No. 03 C 8487, 2004 WL 1687123, at *6 (N.D. Ill. July 27, 2004) (dismissing a state retaliatory discharge claim based on FMLA violations because the FMLA "protects private interests by balancing the needs of employers and employees," unlike whistleblowing or workers' compensation claims that "protect citizens from criminal activity or serious hazards").

6. As such, Plaintiff asserts violations of, and seeks relief under, federal law, and thus this Court has original jurisdiction over Plaintiff's FMLA Claim pursuant to 28 U.S.C. § 1331. *See Babych v. Psychiatric Sols., Inc.*, 271 F.R.D. 603, 609 (N.D. Ill. 2010) (recognizing that the plaintiff's FMLA claim provided federal question jurisdiction); *Murray v. AT&T Mobility*, No. 08-3159, 2008 WL 4324450, at *1 (C.D. Ill. Sept. 17, 2008) (overruling the plaintiff's objection to removal because the "[p]laintiff's [c]omplaint expressly allege[d] violations of . . . the FMLA, . . . which support federal question jurisdiction"); *Vasquez v. N. Illinois Hosp. Servs., Inc.*, No. 00 C 50100, 2002 WL 475185, at *1 (N.D. Ill. Mar. 28, 2002) (noting that the defendant "properly removed the action . . . based on federal question jurisdiction over the FMLA claim").

7. Alternatively, even if Plaintiff is trying to assert his FMLA Claim under Illinois state law, this Court has jurisdiction over Plaintiff's FMLA Claim because Plaintiff's FMLA Claim

3

implicates significant federal issues that sensibly belong in a federal court. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (recognizing that "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues").

8. In determining whether a state law claim requires a federal forum, courts consider whether "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable*, 545 U.S. at 314.

9. Plaintiff's FMLA Claim in this case meets all the requirements set forth in the *Grable*-test. First, Plaintiff's FMLA claim necessarily raises a federal issue because the Court must apply federal law, the FMLA, to resolve the claim. *See Minton*, 568 U.S. at 259 (noting that a claim raises a federal issue when it "will necessarily require application of [federal] law to the facts of [the] case"). Second, Plaintiff's FMLA claim is actually disputed because whether Continental discharged Plaintiff for exercising his rights under the FMLA is "the central point of dispute." *Id.* (noting that federal issues are actually disputed when they are "the central point of dispute"). Third, Plaintiff's FMLA claim explicitly invokes and turns on substantial questions of federal law, justifying "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. Lastly, removal will not disrupt the federal-state balance because Congress has supplied a federal private right of action under the FMLA. *Jones v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 17 C 5879, 2018 WL 1508529, at *7 (N.D. Ill. Mar. 27, 2018) ("The FMLA provides a private right of action by employees . . . ."). Therefore, this Court has federal question jurisdiction over Plaintiff's FMLA claim.

10. Additionally, this Court has supplemental jurisdiction over the remainder of Plaintiff's claims against Mr. Chobanian and Mr. Rock under 28 U.S.C. § 1367 because they arise from the same set of facts. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"); *Benson v. LVNV Funding, LLC*, Civil No. 11–1096–GPM–PMF, 2012 WL 1965336, at *1 (S.D. Ill. May 31, 2012) ("a district court has supplemental jurisdiction over state claims pursuant to § 1367(a) so long as they 'derive from a common nucleus of operative facts' with the original federal claims.") (quoting *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir.2008)).

**B. All Procedural Requirements for Removal Are Met.**

11. The United States District Court for the Southern District of Illinois is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.

12. Continental was served with a Summons and a copy of Plaintiff's Complaint on May 12, 2021. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on Continental are attached as part of Exhibit A.

13. The Notice of Removal is timely pursuant to 28 U.S.C. §1446(b), as it was filed within thirty days after Continental was served with a copy of the initial pleading.

14. Pursuant to 28 U.S.C.§ 1446(b)(2)(A), Continental has obtained Mr. Chobanian's consent to the removal of this action. A copy of Mr. Chobanian's signed consent is attached hereto as Exhibit B.

15. Pursuant to 28 U.S.C.§ 1446(b)(2)(A), Continental has obtained Mr. Rock's consent to the removal of this action. A copy of Mr. Rock's signed consent is attached hereto as Exhibit C.

16. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being sent to Plaintiff through his counsel and to the Court Clerk of the Circuit Court for the Second Judicial Circuit in Jefferson County, Illinois. A copy of the notice is attached hereto as Exhibit D.

17. Continental submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary relief whatsoever (or that the damages he seeks may be properly sought).

18. Continental reserves the right to amend or supplement this Notice of Removal.

WHERERFORE, Defendant Continental Tire the Americas, LLC respectfully removes this action now pending in the Circuit Court for the Second Judicial Circuit in Jefferson County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: June 9, 2021

                           Respectfully submitted,

                           HUSCH BLACKWELL LLP

                           By: */s/ Dam Park*
                              Melissa M. Merlin, IL No. 6302227
                              Kaytlin E. Kopen, IL No. 6319305
                              Dam Park, IL No. 6330692
                              190 Carondelet Plaza, Suite 600
                              St. Louis, Missouri 63105
                              Telephone: (314) 480-1500
                              Facsimile: (314) 480-1505
                              melissa.merlin@huschblackwell.com
                              kayt.kopen@huschblackwell.com
                              damiya.park@huschblackwell.com

                           *Attorneys for Defendants Continental Tire the Americas, LLC, Paul Chobanian, and Jeffrey Rock*

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies the foregoing was served on the following via the Court's electronic service system and a courtesy copy via email, on this 9th day of June, 2021:

    James D. Price
    Ryan D. Rich
    Wham & Wham Lawyers
    212 East Broadway, P.O. Box 549
    Centralia, Illinois 62801
    Telephone: (618) 532-5621
    jdp@whamlawyers.com
    ryan@whamlayers.com

    *Attorneys for Plaintiff*

                              */s/ Dam Park*